IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCARLETT A. TAYLOR, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, ET. AL, <br><br> Defendants. | CIV. NO. 14-00107 SOM-BMK <br><br> FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiffs Scarlett A. Taylor and Chanel E. Taylor's Motion for Default Judgment (Doc. 22). After reviewing the record of this case and considering the present Motion, the Court finds and recommends that Plaintiffs' Motion for Default Judgment be DENIED.[1]

Plaintiffs filed the Complaint against Defendants MetLife Insurance Company and the following federal agencies and employees: United States Office of Personnel Management; Office of Personnel Management Director, Katherine Archuleta; Office of Personnel Management Inspector General, Patrick E. McFarland; Counsel to the OPM Inspector General, Timothy Watkins; Hickam Air

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

Base OPM Office Supervisor; Hickam Air Base OPM Agent, Cynthia Miike; and Federal Employees Group Life Insurance (FEGLI).

In their Motion for Default Judgment, Plaintiffs assert that one of the federal Defendants, the United States Office of Personnel Management ("OPM"), is in default. Plaintiffs therefore seek default judgment against OPM. However, as discussed below, the Court finds that Plaintiffs have not properly served OPM and the other federal Defendants.

Specific federal rules govern service of the United States and its agencies and employees. "To serve a United States <u>agency</u> or corporation, or a United States officer or <u>employee</u> sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2) (emphases added). To serve the United States, a party must

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to

>the Attorney General of the United States at Washington, D.C.; and
>
>(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A).

In this case, Plaintiffs sue federal agencies and employees. In light of the foregoing Rules, Plaintiffs must also serve the United States Attorney for this district as well as the Attorney General of the United States. See Fed. R. Civ. P. 4(i). The Court consulted with the office of the United States Attorney for this district and was informed that it did not receive any documents related to this case. Further, the docket sheet of this case does not reflect service of the district office or the Attorney General's office. Therefore, the Court finds that Plaintiffs have not perfected service on the federal agencies and employees, including OPM.

"It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." Stephenson v. Lappin, 2007 WL 1113550, at *2 (E.D. Cal. April 13, 2007). Inasmuch as Plaintiffs have not properly served the federal Defendants, the Court recommends that their Motion for Default Judgment (Doc. 22) be DENIED. See id. (denying request for default judgment where the plaintiff did not establish service of the defendant).

Any Objection to these Findings and Recommendations shall be due in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 26, 2014.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Taylor, et al. v. U.S. Office of Personnel Management, et al., CIV. NO. 14-00107 SOM-BMK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT.