IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCARLETT A. TAYLOR, et al., | ) | CIVIL NO. 14-00107 SOM/BMK |
| | ) | |
| Plaintiffs, | ) | ORDER ADOPTING THE MAGISTRATE |
| | ) | JUDGE'S FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DENY |
| | ) | PLAINTIFFS' MOTION FOR |
| UNITED STATES OFFICE OF | ) | DEFAULT JUDGMENT |
| PERSONNEL MANAGEMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**I.      INTRODUCTION.**

Plaintiffs Scarlett A. Taylor and Chanel E. Taylor (collectively, "Plaintiffs") object to the Magistrate Judge's Findings and Recommendation to Deny Plaintiffs' Motion for Default Judgment ("F&R"). The court adopts the F&R.

**II.     FACTUAL BACKGROUND.**

On March 4, 2014, Plaintiffs filed their Complaint in this court against MetLife Insurance Company and the following federal agencies and employees: United States Office of Personnel Management ("OPM"); Katherine Archuleta, in her official capacity as OPM Management Director; Patrick E. McFarland, in his official capacity as OPM Inspector General; Timothy Watkins, in his official capacity as Counsel to the OPM Inspector General; Hickam Air Base OPM Office Supervisor; Cynthia Miike, in her official capacity as Hickam Air Base OPM Agent; and Federal Employees

Group Life Insurance ("FEGLI").  ECF No. 1.

On August 25, 2014, Plaintiffs filed a Motion for Default Judgment seeking entry of default judgment against OPM and certain Defendant employees of OPM, alleging that they had failed to respond to Plaintiffs' Complaint and Summons.  ECF No. 22, PageID # 78.

Magistrate Judge Barry M. Kurren filed his F&R on August 26, 2014, recommending that Plaintiffs' motion be denied because Plaintiffs had not properly served OPM and the other federal Defendants pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  ECF No. 34.

On September 10, 2014, Plaintiffs filed objections to the F&R, noting that they were not aware of the requirements in Rule 4(i) and that they had followed the general procedure for service.  ECF No. 26, PageID # 91-92.  Plaintiffs also assert that OPM and the other federal Defendants could have forwarded Plaintiffs' Complaint and Summons to the United States Attorney for this district and the Attorney General of the United States, as required for proper service under Rule 4(i).  Id., PageID # 92.

**III.    STANDARD.**

The court reviews *de novo* those portions of a Magistrate Judge's findings and recommendation to which an objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

Local Rule 74.2. The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

**IV.     ANALYSIS.**

This court agrees with the Magistrate Judge that Plaintiffs had not properly served OPM and the other federal Defendants at the time they sought default judgment against those Defendants.

Under Rule 4(i)(2) of the Federal Rules of Civil Procedure, "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." To serve the United States, a party is required to:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

> (C) if the action challenges an order of a
> nonparty agency or officer of the United
> States, send a copy of each by registered or
> certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

There is no evidence in the record suggesting that Plaintiffs had complied with Rule 4(i)(1)(A) or (B) at the time they filed their Motion for Default Judgment. Plaintiffs, in fact, acknowledge in their objections to the F&R that they did not comply with the requirements for service on federal agencies and employees. ECF No. 26, PageID # 91, 94. This failure requires the denial of Plaintiffs' Motion for Default Judgment. See, e.g., Schoenlein v. Frank, 1:08-CV-00503-HG-KSC, 2009 WL 650273, at *1 (D. Haw. Mar. 10, 2009) (default judgment may not be entered when defendants have not been properly served); Stephenson v. Lappin, No. CIV S-06-2735 LKK EFB PS, 2007 WL 1113550, at *2 (E.D. Cal. Apr. 13, 2007) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." (internal quotation marks omitted)).

Whether OPM or the other federal Defendants could have forwarded the Complaint and Summons to the United States Attorney for this district and the Attorney General of the Untied States is irrelevant. Plaintiffs are responsible for effecting proper service, and Plaintiffs cannot obtain default judgment against

4

Defendants they have not properly served by asserting that others could have accomplished the duties clearly assigned to Plaintiffs under Rule 4(i).

**V.    CONCLUSION.**

Because Plaintiffs had not properly served the federal Defendants against whom they seek default judgment at the time Plaintiffs filed their motion, the court adopts the F&R.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 22, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Taylor, et al. v. United States Office of Personnel Management, et al., Civ. No. 14-00107 SOM/BMK; ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT