IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCARLETT A. TAYLOR, et al., | ) | CIVIL NO. 14-00107 SOM/BMK |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING THE FEDERAL |
| | ) | DEFENDANTS' MOTION TO DISMISS |
| vs. | ) | |
| | ) | |
| UNITED STATES OFFICE OF | ) | |
| PERSONNEL MANAGEMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING THE FEDERAL DEFENDANTS' MOTION TO DISMISS**

**I.      INTRODUCTION.**

Plaintiffs Scarlett A. Taylor and Chanel E. Taylor (collectively, "Plaintiffs") are suing over life insurance benefits they allege are payable in connection with the death of James P. Taylor, who was a federal employee.

Defendants United States Office of Personnel Management ("OPM"); Katherine Archuleta, in her official capacity as OPM Management Director; Patrick E. McFarland, in his official capacity as OPM Inspector General; Timothy Watkins, in his official capacity as Counsel to the OPM Inspector General; Hickam Air Base OPM Office Supervisor; Cynthia Miike, in her official capacity as Hickam Air Base OPM Agent; and Federal Employees Group Life Insurance ("FEGLI") (collectively, the "Federal Defendants") move to dismiss the claims asserted against them in the Complaint.  The motion to dismiss is granted because Plaintiffs' failure to submit their claim for administrative

resolution deprives this court of jurisdiction.

This court exercises its discretion under Local Rule 7.2(d) to decide this motion without a hearing. That is, the hearing previously scheduled for January 6, 2015, is cancelled, as the written record in this case is sufficient to permit this court to rule without oral argument.

**II.     FACTUAL BACKGROUND.**

On March 4, 2014, Plaintiffs filed their Complaint in this court against the Federal Defendants[1] and MetLife Insurance Company (collectively, the "Defendants"). See ECF No. 1. Plaintiffs allege that the Federal Defendants improperly paid James Patrick Taylor's life insurance benefits to his then-wife, Elisa M. Omeechevarria, rather than to Plaintiff Scarlett A. Taylor, James Taylor's previous wife and the guardian of Chanel E. Taylor, James Taylor and Scarlett Taylor's daughter. Id., PageID # 5-8. Plaintiffs contend that they were injured because the Federal Defendants failed: (1) to verify the authenticity of a change of beneficiary form submitted by Ms. Omeechevarria; (2) to recognize a conspiracy to fraudulently obtain Mr. Taylor's insurance benefits; (3) to verify Ms. Omeechevarria's Social

---

[1] Although Plaintiffs name FEGLI as a Defendant, it is not clear that FEGLI is an entity that can be sued. FEGLI may be merely a product offered to federal employees by the federal government, and it may be that Plaintiffs should restrict their claims to the public and private entities that administer FEGLI, rather than to the life insurance product.

2

Security number; and (4) to adequately train their employees. Id., PageID # 10-13. In listing alleged damages, Plaintiffs also appear to be complaining that they should have received other benefits, including James Taylor's retirement benefits. Id., PageID # 14-16. Plaintiffs request $4,294,612.88 in damages against Defendants. Id., PageID # 18.

The Federal Defendants move to dismiss all claims against them under Rule 12(b)(1) of the Federal Rules of Civil Procedure. See ECF No. 37. The Federal Defendants contend that this court lacks subject matter jurisdiction over Plaintiffs' claims against them because Plaintiffs failed to exhaust their administrative remedies. ECF No. 37, PageID # 395.

**III.     STANDARD.**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint may be dismissed for lack of subject matter jurisdiction.

An attack on subject matter jurisdiction "may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. A factual attack, on the other hand, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

If the moving party makes a facial challenge, the court's inquiry is "confin[ed] . . . to allegations in the complaint." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty., 343 F.3d 1036, 1040 (9th Cir. 2003). Those allegations are taken by the court as true. Courthouse News Serv. v. Planet, 750 F.3d 776 (9th Cir. 2014).

If the moving party makes a factual challenge, as here, the court may consider evidence beyond the complaint and the court "need not presume the truthfulness of the plaintiff's allegations." Meyer, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. (quoting Savage, 343 F.3d at 1039 n. 2) (internal quotation marks omitted).

**IV.     ANALYSIS.**

Actions against the United States can be brought only to the extent the sovereign immunity of the United States has been waived. Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995). The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States for certain tort claims arising out of conduct by government employees. Id.

4

Under the FTCA, before filing a tort action against the United States in court, an individual "must seek an administrative resolution of her claim." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992). Under the FTCA:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). A claim is considered presented in accordance with 28 U.S.C. § 2675(a) if a party files "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Blair v. I.R.S., 304 F.3d 861, 864 (9th Cir. 2002) (quoting Warren v. United States Dep't of Interior Bureau of Land Mgmt., 724 F.2d 776, 780 (9th Cir. 1984)) (internal quotation marks omitted).

Plaintiffs have failed to comply with 28 U.S.C. § 2675(a) prior to filing suit in this court. Plaintiffs are seeking money damages from the Federal Defendants as a result of

allegedly wrongful conduct by federal employees acting within the scope of their employment, and are thus bound by the requirements imposed by 28 U.S.C. § 2675(a).

Plaintiffs nowhere contend or suggest that they have presented their claims to any agency in compliance with the FTCA. Instead, they appear to acknowledge that they have not done so. See ECF No. 40, PageID # 422. The declarations provided by the Federal Defendants indicate that neither the Air Force nor the Office of Personnel Management has any record of any claim presented by Plaintiffs pursuant to the FTCA. See ECF No. 37-2; ECF No. 37-3. At most, Plaintiffs question why they should submit a claim to the Air Force relating to a civil service employee and assert that the Office of Personnel Management was derelict in failing to discern that Mr. Taylor's signature on the change of beneficiary form "was forged." ECF No. 29, PageID # 414. These arguments do not address the statutory requirement that the Taylors submit their claim for administrative resolution.

This is not a requirement that the Taylors can look to any court to waive. Congress has imposed this requirement, and the Taylors must comply with it. They may not commence an action in this court without such compliance.

Because Plaintiffs have not presented their claims against the Federal Defendants for administrative resolution by

6

the appropriate federal agency in accordance with the FTCA, this court lacks subject matter jurisdiction over those claims. This ruling is consistent with Burns v. United States, 764 F.2d 722 (9th Cir. 1985), in which the Ninth Circuit affirmed the district court's ruling that a plaintiff's failure to file a sufficient administrative claim alleging medical malpractice against a Veteran's Administration hospital deprived the court of subject matter jurisdiction. Id. at 723. As the Ninth Circuit said, "The claim requirement of section 2675 is jurisdictional in nature and may not be waived." Id. at 724; see also Johnson v. United States, 704 F.2d 1431, 1442 (9th Cir. 1983) ("Exhaustion of the claims procedures established under the Act is a prerequisite to district court jurisdiction.").

**V.      CONCLUSION.**

The Federal Defendants' motion to dismiss is granted. All claims in Plaintiffs' Complaint asserted against the Federal Defendants are dismissed without prejudice to Plaintiffs' pursuit of those claims administratively to the extent such pursuit is not untimely and is allowed by law. This order leaves for further adjudication the claims against Defendant MetLife Insurance Company and Doe Defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 2, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Taylor, et al. v. United States Office of Personnel Management, et al., Civ. No. 14-00107 SOM/BMK; ORDER GRANTING THE FEDERAL DEFENDANTS' MOTION TO DISMISS