IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCARLETT A. TAYLOR, et al., | ) | CIVIL NO. 14-00107 SOM/BMK |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | |
| UNITED STATES OFFICE OF | ) | |
| PERSONNEL MANAGEMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

**I.      INTRODUCTION.**

Plaintiffs Scarlett A. Taylor and Chanel E. Taylor (collectively, "Plaintiffs") filed a "Motion – Plaintiffs' Objection to Order Granting the Federal Defendants' Motion to Dismiss." See ECF No. 51. The court has construed the document as a motion for reconsideration. See ECF No. 52.

This court dismissed claims against Defendants United States Office of Personnel Management ("OPM"); Katherine Archuleta, in her official capacity as OPM Management Director; Patrick E. McFarland, in his official capacity as OPM Inspector General; Timothy Watkins, in his official capacity as Counsel to the OPM Inspector General; Hickam Air Base OPM Office Supervisor; Cynthia Miike, in her official capacity as Hickam Air Base OPM Agent; and Federal Employees Group Life Insurance ("FEGLI") (collectively, the "Federal Defendants"). See ECF No. 45. Dismissal was based on Plaintiffs' failure to seek administrative

resolution of their claims against the Federal Defendants prior to filing suit in this court. Plaintiffs' motion for reconsideration is denied.[1]

**II.     STANDARD.**

Plaintiffs seek reconsideration of an interlocutory order. That is, Plaintiffs seek reconsideration of an order that granted dismissal of some claims while leaving others for future adjudication. Accordingly, the reconsideration motion is governed by Local Rule 60.1, under which motions for reconsideration of interlocutory orders can be brought only upon the following grounds: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. Wereb v. Maui Cnty., 830 F. Supp. 2d 1026, 1031 (D. Haw. 2011). "Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Id. (internal quotation marks omitted).

Plaintiffs do not identify the basis for their motion for reconsideration, although it appears that Plaintiffs seek

---

[1] This court exercises its discretion under Local Rule 7.2(d) to decide this motion without a hearing.

reconsideration to correct alleged errors in law or fact.

**III.     ANALYSIS.**

Plaintiffs make a number of arguments as to why they believe reconsideration is warranted, but none is persuasive. The court addresses each of those arguments in turn.

Plaintiffs object to this court's adjudication of the Federal Defendants' motion to dismiss without a hearing. Under Local Rule 7.2(d), "the court, in its discretion, may decide all matters, including motions, petitions, and appeals, without a hearing." No error results from the court's exercise of its discretion under Local Rule 7.2(d) to decide motions without a hearing. Reconsideration, therefore, is not warranted on that basis.

Plaintiffs also argue that the hearing scheduled for January 5, 2015, was "summarily dismissed without notification to the Plaintiffs." ECF No. 51, PageID # 568. The court noted on December 30, 2014, however, that it would be deciding the Federal Defendants' motion to dismiss on a nonhearing basis and that the hearing scheduled for January 5, 2015, would not be held. See ECF No. 44. This court's order on January 2, 2015, granting the Federal Defendants' motion to dismiss also explained that the motion was being decided on a nonhearing basis. See ECF No. 45, PageID # 452. Under such circumstances, there is no support for Plaintiffs' claim that they failed to receive notice that the

3

January 5, 2015, hearing had been cancelled.  Additionally, even assuming that Plaintiffs did not receive such notice, Plaintiffs do not demonstrate how that failure would entitle them to reconsideration.

Plaintiffs also object to this court's issuance of its order granting the Federal Defendants' motion to dismiss before receiving Plaintiffs' motions objecting to the lack of a hearing and objecting to the Federal Defendants' reply memorandum.  See ECF No. 51, PageID # 564.  Those motions had not been received in the judge's chambers before the order granting dismissal was filed, but the court noted shortly after receipt of the motions that both were denied.  See ECF No. 48.  Plaintiffs fail to show any error in this court's denial of those motions.

With respect to Plaintiff's motion objecting to the lack of a hearing, the court has already noted that Local Rule 7.2(d) specifically permits adjudication of motions on a nonhearing basis.  With respect to Plaintiffs' other motion, Plaintiffs were not entitled to file a written response to the Federal Defendants' reply memorandum.  Local Rule 7.4 provides for an opposition and for a reply and states, "No further or supplemental briefing shall be submitted without leave of court."  The court, therefore, was under no obligation to refrain from issuing its order until after it had received Plaintiffs' objection to the Federal Defendants' reply memorandum.  Further,

4

as this court noted in denying the motion objecting to the reply memorandum, the information contained in that motion does not demonstrate that Plaintiffs satisfied the statutory requirements necessary to pursue their claims against the Federal Defendants in this court.  While Plaintiffs attached documents evidencing communication with various federal officials, none of those documents shows that Plaintiffs presented their tort claim against the Federal Defendants in accordance with the requirements of the Federal Tort Claims Act ("FTCA").

Plaintiffs also seek reconsideration based on their belief that the order granting the Federal Defendants' motion to dismiss was drafted by the Federal Defendants' attorney, Edric Ching.  Plaintiffs' argument is wholly unsupported.  The order granting the Federal Defendants' motion to dismiss was drafted by this court in this court's chambers and filed by this court.  Edric Ching had no hand in preparing or filing the order, and Plaintiffs' allegations of misconduct by Edric Ching are unfounded.

Plaintiffs may be questioning the conduct of the Federal Defendants' attorney based, in part, on a misconception as to the nature of the document granting the Federal Defendants' motion to dismiss.  In their motion for reconsideration, Plaintiffs state that the Federal Defendants' attorney "[is] abusing the Judge's proposal process by not submitting the

proposal to the Plaintiffs for review before submitting it to the Judge." ECF No. 51, PageID # 569. This and other statements in the motion for reconsideration suggest that Plaintiffs may be viewing the order granting the Federal Defendant's motion to dismiss as a proposal. No proposed order was entertained by this court in granting the Federal Defendants' motion to dismiss. This court itself issued the order of January 2, 2015, without offering any party an opportunity to revise or edit the order. When a judge writes an order, the judge need not follow the procedure set forth in Local Rule 58.2, which addresses the situation in which a prevailing party prepares a proposed order and sends it to the opposing party, who may submit objections. This judge filed an order that took effect upon filing; it was not proposed, did not need to be circulated to the parties to obtain their objections, and did not invite their comments.

In seeking reconsideration, Plaintiffs also appear to argue that this court mistakenly concluded that it lacked subject matter jurisdiction because (1) Plaintiffs' alleged damage occurred in the Hickam Air Base Office of Personnel Management in the State of Hawaii; (2) the basis for the Complaint is "fact," not "allegation"; and (3) the cases cited by the court in outlining the standard under Rule 12(b)(1) of the Federal Rules of Civil Procedure show that this court has subject matter jurisdiction. ECF No. 51, PageID # 566-67. None of these

arguments establishes that reconsideration is warranted.

With respect to the first argument, the court concluded in its order granting the Federal Defendants' motion to dismiss that it lacked jurisdiction because Plaintiffs had failed to present their claims against the Federal Defendants for administrative resolution in accordance with the FTCA. This court's ruling did not turn on where Plaintiffs' alleged damage occurred.

With respect to the second argument, Plaintiffs appear to be reading the cases the court cited to distinguish between facial and factual challenges under Rule 12(b)(1) of the Federal Rules of Civil Procedure as requiring Plaintiffs to state whether their Complaint is based on "allegation" or "fact." See ECF No. 51, PageID # 567. Those cases impose no such requirement, and this court nowhere suggested that the cases imposed such a requirement. As noted in this court's order granting the Federal Defendants' motion to dismiss, an attack on subject matter jurisdiction may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. This distinction determines the evidence that the court may

7

consider and the posture the court takes in considering that evidence when it decides a motion to dismiss for lack of subject matter jurisdiction. The court viewed the Federal Defendants' motion to dismiss as a factual challenge and explained how that affected the court's consideration of the motion. See ECF No. 45, PageID # 454. Plaintiffs were not required to state whether their Complaint was based on "allegation" or "fact," and no error in this court's order relates to that issue.

Plaintiffs' third argument on subject matter jurisdiction is that the three cases this court cited in outlining the standard used to evaluate a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure support the existence of subject matter jurisdiction in this case. See ECF No. 51, PageID # 567. As previously noted, this court granted the Federal Defendants' motion to dismiss based on Plaintiffs' failure to present their claims against the Federal Defendants under the FTCA. The three cases Plaintiffs rely on--<u>Courthouse News Service v. Planet</u>, 750 F.3d 776 (9th Cir. 2014); <u>Meyer</u>, 373 F.3d 1035; and <u>Savage v. Glendale Union High School, District No. 205, Maricopa County</u>, 343 F.3d 1036, 1040 (9th Cir. 2003)--do not in any way negate this court's conclusion that Plaintiffs failed to submit their tort claims against the Federal Defendants for administrative resolution.

Contrary to Plaintiffs' assertions, Plaintiffs have

brought an action against the United States that triggers the requirements of the FTCA.  Filing suit against agencies of the United States and employees of United States agencies in their official capacities is filing suit against the United States.  Because Plaintiffs have commenced an action seeking money damages from the Federal Defendants based on allegedly wrongful conduct by federal agents acting within the scope of their employment, Plaintiffs are required to present their claims to the appropriate federal agency in accordance with 28 U.S.C. § 2675(a).  As noted in this court's order granting the Federal Defendants' motion to dismiss, a claim is considered presented in accordance with 28 U.S.C. § 2675(a) if a party files "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."  Blair v. I.R.S., 304 F.3d 861, 864 (9th Cir. 2002) (quoting Warren v. United States Dep't of Interior Bureau of Land Mgmt., 724 F.2d 776, 780 (9th Cir. 1984)) (internal quotation marks omitted).  Plaintiffs must comply with this requirement regardless of whether anybody previously informed them of it.

Plaintiffs do not demonstrate any clear or manifest error in law or fact in this court's order concluding that Plaintiffs failed to comply with 28 U.S.C. § 2675(a) prior to filing suit in this court.  This court assures Plaintiffs that,

contrary to their assertions, this conclusion has nothing to do with their *pro se* status. The crux of this court's earlier order is that this court is bound by a federal statute that requires claimants alleging wrongful conduct by federal employees of the nature alleged by Plaintiffs to seek to resolve the matter administratively before coming to court. While Plaintiffs clearly sought to recover insurance proceeds before coming to court, that is simply not the same as seeking administrative resolution of FTCA claims against the Federal Defendants.

Any arguments in Plaintiffs' motion regarding the merits of the underlying dispute have been disregarded. This court has determined that it lacks jurisdiction over Plaintiffs' claims against the Federal Defendants, and Plaintiffs have not shown any error in that conclusion. Because this court lacks jurisdiction over the claims against the Federal Defendants, it may not entertain any argument as to the merits of those claims. Plaintiffs' remaining contentions are unpersuasive.

**IV.    CONCLUSION.**

Plaintiffs' motion for reconsideration is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 23, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Taylor, et al. v. United States Office of Personnel Management, et al., Civ. No. 14-00107 SOM/BMK; ORDER DENYING MOTION FOR RECONSIDERATION