```
               IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

SCARLETT A. TAYLOR, et al.,  )   CIVIL NO. 14-00107 SOM/BMK
                             )
          Plaintiffs,        )   ORDER GRANTING DEFENDANT
                             )   METROPOLITAN LIFE INSURANCE
     vs.                     )   COMPANY'S MOTION FOR SUMMARY
                             )   JUDGMENT
UNITED STATES OFFICE OF      )
PERSONNEL MANAGEMENT, et al.,)
                             )
          Defendants.        )
_____)
```

**ORDER GRANTING DEFENDANT METROPOLITAN LIFE
INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION.**

Plaintiffs Scarlett Taylor and Chanel Taylor (collectively, "Plaintiffs") commenced this action to recover life insurance benefits related to the death of James Taylor, Scarlett Taylor's ex-husband and Chanel Taylor's father. Plaintiffs contend that after James Taylor's death, Defendant Metropolitan Life Insurance Company ("MetLife") erroneously paid the insurance benefits to Elisa Taylor, James Taylor's then-wife, instead of to Scarlett Taylor and/or Chanel Taylor.

MetLife moves for summary judgment against Plaintiffs as to all counts of the Complaint. See ECF No. 58. The court grants MetLife's motion.

**II.     FACTUAL BACKGROUND.**

Scarlett Taylor was married to James Taylor until their divorce on April 3, 1995. See ECF No. 61, PageID # 1063. Scarlett Taylor and James Taylor had one child, Chanel Taylor,

born on February 28, 1987.  See ECF No. 61, PageID # 1064.
Pursuant to the terms of the "Decree Granting Absolute Divorce
and Awarding Child Custody," (the "Decree"), James Taylor was
required to maintain "a life insurance policy on his life in the
face amount of not less than $45,000.00 naming [Chanel Taylor] as
the only beneficiary thereunder."  See ECF No. 58-4, PageID
# 662.

James Taylor was a federal employee, insured under a
group life insurance policy issued to the United States Civil
Service Commission by MetLife pursuant to the Federal Employees
Group Life Insurance Act.  See ECF No. 58-3, PageID # 633.

James Taylor died on January 1, 1997.  See ECF No. 1,
PageID # 7.  Plaintiffs allege that MetLife paid James Taylor's
life insurance benefits to Elisa Taylor, his then-wife, on
January 2, 1997.  See ECF No. 62, PageID # 1320.  MetLife asserts
that it paid James Taylor's life insurance benefits to Elisa
Taylor in February 1997.  See ECF No. 58-2, PageID # 630.

MetLife paid the benefits to Elisa Taylor pursuant to a
"Designation of Beneficiary" form, naming Elisa Taylor as the
sole beneficiary of James Taylor's life insurance benefits.  See
ECF No. 58-1, PageID # 625; ECF No. 61-1, PageID # 1222.  The
"Designation of Beneficiary" form was executed on December 14,
1996.  See ECF No. 61-1, PageID # 1222.  Plaintiffs allege that

James Taylor's signature on the "Designation of Beneficiary" form was forged.  See ECF No. 62, PageID # 1320.

On March 4, 2014, Plaintiffs filed their Complaint in this court against various Federal Defendants and MetLife.  See ECF No. 1.  On January 2, 2015, this court dismissed Plaintiffs' claims against the Federal Defendants.  See ECF No. 45.  Dismissal was based on Plaintiffs' failure to exhaust administrative remedies against the Federal Defendants before filing suit in this court.

MetLife now seeks summary judgment as to Plaintiffs' claims against it.

On May 26, 2015, Plaintiffs filed "Plaintiff's 2nd Opposition to Motion for Summary and Response to Metropolitan Life Insurance Company Closing Brief in Support of Motion for Summary Judgment Filed May 18, 2015."  See ECF No. 75.  Pursuant to Local Rule 7.4, "[n]o further or supplemental briefing shall be submitted without leave of court."  Taylor's second opposition was filed without leave of court, and was therefore improper.  However, even if this court considers it, the court reaches the same result on MetLife's motion.

**III.    STANDARD.**

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

3

R. Civ. P. 56(a); see Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The movant must support his or her position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file

that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party must set forth specific facts showing that there is a genuine issue for trial. T.W. Elec. Serv., Inc., 809 F.2d at 630. At least some "'significant probative evidence tending to support the complaint'" must be produced. Id. (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)); see also Addisu, 198 F.3d at 1134 ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (citing Matsushita Elec. Indus. Co., 475 U.S. at 587); accord Addisu, 198 F.3d at 1134 ("There must be enough

5

doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

All evidence and inferences must be construed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc., 809 F.2d at 631. Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. Id. When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." Id.

**IV. ANALYSIS.**

**A. Scarlett Taylor Lacks Standing to Assert Her Claims Against MetLife.**

MetLife argues that Scarlett Taylor lacks standing to pursue claims against it for James Taylor's life insurance benefits because "Scarlett at no time has claimed that she herself is a beneficiary and never has presented any documentation to that effect." See ECF No. 58-1, PageID # 626.

In using the term "standing," MetLife may be looking only at the terms of the life insurance policy, and arguing simply that Scarlett Taylor is not a beneficiary. However, to the extent MetLife's reference to "standing" was intended to raise a challenge to this court's subject matter jurisdiction

over Scarlett Taylor's claims, such a challenge should have been brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure, rather than under Rule 56.  See United States v. Hays, 515 U.S. 737, 742 (1995) ("standing is perhaps the most important of [the jurisdictional] doctrines" (alteration in original)).  The result, however, is unchanged, whether under Rule 12(b)(1), or Rule 56.  This court is permitted to consider admissible evidence outside the pleadings on a Rule 12(b)(1) challenge.  See McCarthy v. United States, 850 F.2d 558 (9th Cir. 1988) (holding that district court may consider evidence outside of pleadings when considering Rule 12(b)(1) motion to dismiss).  The record is clear that Scarlett Taylor has no claim to MetLife benefits.

Scarlett Taylor argues that she has standing based on the Decree, entered in connection with her divorce from James Taylor.  The Decree, however, requires that James Taylor name Chanel Taylor as the "only beneficiary" of a life insurance policy, undermining any claim that Scarlett Taylor herself is entitled to relief as a "required beneficiary" of James Taylor's life insurance policy.  See id.

Scarlett Taylor also contends that James Taylor's "life insurance policy was ordered by a State of Hawaii Divorce Court Decree to stand in lieu of child support and child care maintenance for the named beneficiary, Plaintiff Chanel Taylor."  See ECF No. 62, PageID # 1321.  The Decree itself does not

7

establish that James Taylor's life insurance benefits were to stand "in lieu of child support." See ECF No. 62, PageID # 1321. Even if the life insurance benefits were in lieu of child support, that would not give Scarlett Taylor standing to assert claims against MetLife, a nonparty to the Decree.

Scarlett Taylor may instead be asserting claims against MetLife on Chanel Taylor's behalf. However, Chanel Taylor is over the age of eighteen and can assert claims in her own right. See ECF No. 1, PageID # 2. Scarlett Taylor provides no evidence that she has been named her daughter's guardian by a court, has her daughter's power of attorney, or is an assignee of her daughter's claim.

Because Scarlett Taylor has no right to MetLife benefits based on the policy issued to James Taylor, MetLife prevails on Scarlett Taylor's claims.

**B.  Chanel Taylor's Claims Are Time-Barred.**

Chanel Taylor's claims against MetLife are barred by the statute of limitations in section 657-1 of Hawaii Revised Statutes. Section 657-1 requires that "[a]ctions for the recovery of any debt founded upon any contract, obligation, or liability" be "commenced within six years next after the cause of action accrued, and not after."

Because Chanel Taylor was under the age of eighteen at the time James Taylor's insurance benefits were paid out by

MetLife, her claims were tolled under section 657-13 of Hawaii Revised Statutes until she turned eighteen. After she turned eighteen on February 28, 2005, Chanel Taylor had six years, pursuant to section 657-1, in which to bring her claims against MetLife. Because Chanel Taylor did not bring her claims until March 4, 2014, far past her deadline of February 28, 2011, her claims are time-barred pursuant to section 657-1.

### C. Even if Chanel Taylor's Claims Are Not Time-Barred, MetLife is Entitled to Summary Judgment.

MetLife contends that it properly paid James Taylor's insurance benefits to Elisa Taylor pursuant to 5 U.S.C. § 8705, which governs the order of payment of life insurance benefits upon receipt of a death claim. See ECF No. 58-1, PageID #s 624-25. According to 5 U.S.C. § 8705, "[the] amount of group life insurance . . . shall be paid, on the establishment of a valid claim . . . [f]irst, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing." Id.; see ECF No. 58-1, PageID # 624. James Taylor's policy also states that "[p]ayment shall be made to the Beneficiary of record of the Employee . . . immediately after receipt" of proof that an employee died while insured under the policy. See ECF No. 58-1, PageID #s 624-25.

When MetLife paid James Taylor's life insurance benefits to Elisa Taylor after his death, it was acting in

9

accordance with 5 U.S.C. § 8705, James Taylor's beneficiary designation form, and the terms of the policy.

Chanel Taylor argues that MetLife improperly paid the insurance benefits to Elisa Taylor because James Taylor's signature on the beneficiary designation form was forged. See ECF No. 62, PageID # 1320. Plaintiffs rely on the report of Reed Hayes, a Certified Document Examiner. See ECF No. 27-7, PageID # 166. Hayes concludes that the "author of the exemplary signatures [provided for analysis by Plaintiffs] did not produce the signature on the questioned [beneficiary designation form.]" See ECF No. 27-7, PageID # 167. Whether Hayes is correct does not appear to have any impact on MetLife's liability because Chanel Taylor fails to demonstrate that MetLife was under any duty to investigate or analyze the authenticity of the beneficiary designation form. She says that MetLife "failed in [its] due diligence and fiduciary duties to verify the veracity and authenticity of the Change of Beneficiary form," and failed to notify her of James Taylor's change of beneficiary, but offers no statutory or case authority to suggest that MetLife was obligated to take the actions it allegedly failed to take.

**V.      CONCLUSION.**

MetLife's motion for summary judgment is granted. Accordingly, Plaintiffs' "Motion to Compel the Office of Personnel Management to Release the Pay Records of James Patrick

10

Taylor," ECF No. 69, is denied as moot. This disposes of all claims and all parties in this action. Accordingly, the Clerk of the Court is directed to enter judgment in favor of MetLife and to close this case.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, June 10, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Taylor, et al. v. United States Office of Personnel Management, et al., Civ. No. 14-00107 SOM/BMK; ORDER GRANTING DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT