IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCARLETT A. TAYLOR, et al., ) | CIVIL NO. 14-00107 SOM/BMK |
| ) | |
| Plaintiffs, ) | ORDER DENYING MOTION TO ALTER |
| ) | OR AMEND JUDGMENT |
| vs. ) | |
| ) | |
| UNITED STATES OFFICE OF ) | |
| PERSONNEL MANAGEMENT, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

**I.     INTRODUCTION.**

Plaintiffs Scarlett A. Taylor and Chanel E. Taylor (collectively, "Plaintiffs") filed a "Motion – Plaintiffs' Objection to Order Granting Defendant Metropolitan Life Insurance Motion for Summary Judgment and Denial of Plaintiffs Compel Dated June 10, 2015, Received June 16, 2015." See ECF No. 80. The court construes this document as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1]  The motion is denied.

**II.    BACKGROUND.**

On January 2, 2015, this court dismissed all claims against Defendants United States Office of Personnel Management ("OPM"); Katherine Archuleta, in her official capacity as OPM

---

[1] No Defendant has filed a response to Plaintiffs' document, possibly because Defendants may be construing the document as an unauthorized "objection" requiring no response, rather than as a Rule 59(e) motion.

Management Director; Patrick E. McFarland, in his official capacity as OPM Inspector General; Timothy Watkins, in his official capacity as Counsel to the OPM Inspector General; Hickam Air Base OPM Office Supervisor; Cynthia Miike, in her official capacity as Hickam Air Base OPM Agent; and Federal Employees Group Life Insurance ("FEGLI") (collectively, the "Federal Defendants"). See ECF No. 45. Dismissal was based on Plaintiffs' failure to seek administrative resolution of their claims against the Federal Defendants prior to filing suit in this court.

On June 10, 2015, this court granted summary judgment in favor of the remaining defendant, MetLife Insurance Company ("MetLife"). See ECF No. 78, PageID #s 1380-81. Plaintiffs' "Motion to Compel the Office of Personnel Management to Release the Pay Records of James Patrick Taylor" was denied as moot. See id. Judgment was entered on June 10, 2015. See ECF No. 79.

**III.     STANDARD.**

There are four grounds on which a Rule 59(e) motion may be granted: 1) a manifest error of law or fact upon which the judgment is based; 2) newly discovered or previously unavailable evidence; 3) manifest injustice; and 4) an intervening change in controlling law. McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999).

A Rule 59(e) motion "should not be granted, absent

2

highly unusual circumstances." McDowell, 197 F.3d at 1255 (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A "district court enjoys considerable discretion in granting or denying" a Rule 59(e) motion. McDowell, 197 F.3d at 1255 n.1.

**III.  ANALYSIS.**

Plaintiffs fail to advance grounds entitling them to relief under Rule 59(e). Plaintiffs merely state that they "object" to pages 3 through 10 of this court's order granting MetLife summary judgment. ECF No. 80, PageID # 1385. No explanation of Plaintiffs' objections is provided. As a result, Plaintiffs do not present a manifest error of law or fact upon which the judgment is based, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in controlling law. See McDowell, 197 F.3d at 1255. Without even asserting any ground on which to obtain relief under Rule 59(e), Plaintiffs are not entitled to relief.

Plaintiffs indicate that they intend to file an additional explanation detailing their objections as soon as possible. See ECF No. 80, PageID # 1385. Plaintiffs, however, may not seek relief under Rule 59(e) in a piecemeal fashion. To

3

be entitled to relief, Plaintiffs' motion itself must demonstrate that entitlement.  It is now past the deadline for filing a Rule 59(e) motion and, since filing their motion on June 24, 2015, Plaintiffs have not provided the court with the explanation of their objections mentioned in their motion.

**IV.     CONCLUSION.**

Plaintiffs' motion to alter or amend judgment is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 16, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Taylor, et al. v. United States Office of Personnel Management, et al., Civ. No. 14-00107 SOM/BMK; ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT