```
            IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

SCARLETT A. TAYLOR, et al.,  )  CIVIL NO. 14-00107 SOM-BMK
                             )
         Plaintiffs,         )  ORDER DENYING PLAINTIFFS'
                             )  "MOTION--OBJECTION TO COURT'S
     vs.                     )  DENIAL DATED SEPTEMBER 9,
                             )  2015"
UNITED STATES OFFICE OF      )
PERSONNEL MANAGEMENT, et al.,)
                             )
         Defendants.         )
_____)
```

**ORDER DENYING PLAINTIFFS' "MOTION--
OBJECTION TO COURT'S DENIAL DATED SEPTEMBER 9, 2015"**

On September 23, 2015, Plaintiffs filed yet another "Motion--Objection," this latest one contesting the minute order this court filed on September 9, 2015. The September 23 "Motion--Objection" is denied for reasons set forth in this court's prior rulings and in the present order.

Once again, Plaintiffs claim that this court's order of August 4 is really Plaintiffs' own filing, The August 4 order bears this court's "denied" stamp accompanied by the assigned district judge's signature on the front page of a copy of a document that Plaintiffs originally filed on July 31, 2015. In their latest filing, Plaintiffs ask whether the original July 31 file stamp was "whited out," as the July 31 file stamp has been replaced by an August 4 file stamp on the copy of the document bearing the "denied" stamp.

The mechanics are as follows:  Because this court determined that, having already addressed Plaintiffs' points in prior rulings, no further explanation for its denial of Plaintiffs' July 31 "motion" was needed, the court directed court staff to make a copy of Plaintiffs' July 31 filing, cover the July 31 file stamp, stamp the "motion" as "denied," and then, after obtaining the judge's signature, affix to the document bearing the "denied" stamp a new file stamp with the date of the denial, which happened to be August 4.  The reason the July 31 file stamp was covered was to avoid any confusion that might arise from having two different file stamps (July 31 and August 4) on the cover page of a single document.  The case file already contained (and continues to contain) Plaintiffs' July 31 filing, bearing the original July 31 file stamp.  That is, the covering of the July 31 file stamp on what was only a copy of the July 31 document has in no way affected the court's record of Plaintiffs' July 31 filing.  Anyone studying the case file can quickly see Plaintiffs' "motion" with its original July 31 file stamp (which is document 83 in the case file), as well as the "denial" with the August 4 file stamp (which is document 84 in the case file).

The August 4 file stamp was intended to make it clear that August 4 was the date of this court's "denial" order.  Had the court not covered the original July 31 file stamp, people

might not have known whether the "denied" stamp had been affixed on July 31 or August 4.  This court has previously explained the matter to Plaintiffs.

Clearly, this court's goal of avoiding confusion was not initially achieved in this instance, but by now it must be evident to Plaintiffs what occurred.  Nothing is gained by further repetition.  In fact, the court cannot tell why Plaintiffs continue their debate about the August 4 file stamp, a matter immaterial to the merits of their claims.  August 4 remains the date of an earlier order by this court, no matter how many times Plaintiffs may claim that August 4 is the date they themselves filed something with this court.

The present order leaves nothing before this court requiring any ruling.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 5, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


Taylor, et al. v. United States Office of Personnel Management, et al., Civil No. 14-00107 SOM-BMK
ORDER DENYING PLAINTIFFS' "MOTION--OBJECTION TO COURT'S DENIAL DATED SEPTEMBER 9, 2015"